IN THE UNTED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VIRCO MFG. CORP.,

         Plaintiff,

v.

SSI LIQUIDATING, INC. and
SCHOOL SPECIALTY, LLC,

         Defendants.

C.A. No. 20-906-LPS-CJB

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a Report and Recommendation (D.I. 146) ("Report") on April 21, 2022, recommending that the Court adopt certain claim constructions for disputed terms in U.S. Patent Nos. 7,147,284 (the "'284 patent") and 10,537,180 (the "'180 Patent");

WHEREAS, on May 5, 2022, Defendants SSI Liquidating, Inc. and School Specialty, LLC ("SSI" or "Defendants") objected to the Report (D.I. 151) ("Objections"), specifically objecting to the recommended constructions of "side support" in the '284 Patent and "compressible material" and "resilient layer" in the '180 Patent;

WHEREAS, on May 19, 2022, Plaintiff Virco Mfg. Corp. ("Virco" or "Plaintiff") responded to the Objections (D.I. 154) ("Response");

WHEREAS, no party contends the Report incorrectly construed the term "step position" in the '284 Patent;

WHEREAS, the Court has considered the Objections and Response *de novo*, *see St. Clair Intell. Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*, 691 F. Supp. 2d 538, 541-42 (D. Del 2010); 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that SSI's Objections (D.I. 151) are **OVERRULED** and the constructions set forth in the Report (D.I. 146) are **ADOPTED**.

1. SSI objects to the recommendation that the term "side support" be given its "plain and ordinary meaning." SSI insists that the correct construction requires support struts as part of the "side support" elements. (D.I. 151 at 8) The Court is not persuaded and agrees, instead, with the Report that support struts are not required by the claims. (Report at 10) SSI does not identify a definition (intrinsic to the patent or otherwise), other intrinsic evidence,[1] or a clear and unmistakable disclaimer that would result in a person of ordinary skill in the art reading "side support" as requiring support struts. Although the '284 Patent issued only after the patentee added the left and right side support limitations, it does not follow that the side supports require a support strut. (*See id.* at 9-10)[2]

---

[1] SSI points to the '284 Patent's illustrated embodiment. (*See* D.I. 151 at 8) SSI identifies no persuasive reason to limit the claims to embodiments depicted in the Patent's figures. *See, e.g.*, *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 632 F.3d 1246, 1254 (Fed. Cir. 2011) ("[D]rawings in a patent need not illustrate the full scope of the invention.").

[2] The parties have a "fundamental dispute regarding the scope of [the] claim term." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir 2008). Specifically, SSI asserts that "side support" requires a support strut while Virco does not. The Report addresses this dispute, holding that "side support" does not require a support strut (*see* D.I. 146 at 8-9), and the Court agrees with this conclusion. It may be that the judge who will preside at trial will choose to instruct the jury that the plain and ordinary meaning of side support does not require a support strut. (*See generally* Report at 11) ("[B]eing unpersuaded that either of the parties' proposed constructions are helpful ***at this stage, for now*** the Court recommends that 'side support' simply be afforded its plain and ordinary meaning.") (emphasis added)

2. SSI contends that the term "compressible material" is indefinite. (D.I. 151 at 2-6) SSI's argument is based on Dr. Tim Osswald's declaration attesting that all materials are compressible to at least some degree; thus, without any measurement scale, "compressible material" fails to provide objective boundaries to a person having ordinary skill in the art. (*Id.* at 2-3) Descriptive words and terms of degree do not render a claim indefinite if there is adequate objective guidance regarding the boundaries of the claim. *See Niazi Licensing Corp. v. St. Jude Med.*, 30 F.4th 1339, 1347 (Fed. Cir. 2022); *see also Guangdong Alison Hi-Tech v. ITC*, 936 F.3d 1353, 1359 (Fed. Cir. 2019) ("[A] patentee need not define his invention with mathematical precision in order to comply with the definiteness requirement.") (internal quotation marks omitted). In some circumstances, a person of ordinary skill can ascertain an invention's boundaries from exemplary designs or specific examples offering an "objective anchor" for comparison. *Niazi*, 30 F.4th at 1348 (internal quotation marks omitted). Here, the written description provides adequate reference points: it explains that certain exemplary materials may be used, including "open or closed cell foam material, neoprene," and "bladders that can be filled with a gas . . . or fluid." ('180 Patent at 6:55-7:10) This intrinsic guidance is sufficient to inform one of ordinary skill in the art of the scope of the invention, with reasonable certainty. *See generally Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 908 (2014) ("[I]n assessing definiteness, claims are to be read in light of the patent's specification and prosecution history."). Thus, SSI has failed to show, by the required clear and convincing evidence, that "compressible material" is indefinite.

3. SSI's reliance on *Dow Chem. Co. v. Nova Chems. Corp.*, 803 F.3d 620, 634 (Fed. Cir. 2015), and *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1344-45 (Fed. Cir. 2015), is unavailing. Those cases concerned claims with quantitative properties that are only

meaningful when the measurement method is well-defined, as there was evidence that use of different methods could lead to different results (i.e., infringement or non-infringement). Since the patents at issue did not specify the measurement method, and a person of ordinary skill would not have known which method to use, the claims were indefinite. *See Dow*, 803 F.3d at 635; *Teva*, 789 F.3d at 245. Here, by contrast, the "compressible material" is not quantified and there is no record basis to conclude that different measurement methods would somehow yield different results. *See, e.g.*, *Sonix Tech. Co. v. Publications Int'l, Ltd.*, 844 F.3d 1370, 1379 (Fed. Cir. 2017).[3]

  4. Finally, SSI objects to the recommended constructions for "compressible material" (if it is not found indefinite) and the related term "resilient layer." (*See, e.g.*, '180 Patent cl. 1) (requiring "a resilient layer covering at least a portion of the rigid layer, the resilient layer formed from a compressible material" and "resilient layer formed from a compressible material") The Report recommended construing these terms, respectively, as "material that allows for local indentation of an object into the material, such as an open or closed cell foam material, neoprene, a bladder filled with gas or fluid, or materials similar thereto" and as "plain and ordinary meaning." (D.I. 146 at 24-25) SSI's first concern appears to be that the recommended constructions are insufficiently precise to help the jury (*see* D.I. 151 at 7), but SSI identifies no meaningful ambiguity or any material deficiency. SSI further contends that the claimed "compressible material" must be "soft," so that it will "'dampen the force applied to an object under the bottom support 106 during usage of the chair'" (D.I. 151 at 6-7) (quoting '180 Patent at 7:1-3), but this portion of the specification is merely touting an advantage of one

---

[3] The Court's analysis is not based at all on the declaration of Virco's expert, Dr. Klopp, so any error in the standard he applied is immaterial.

embodiment. SSI provides no meritorious basis for limiting the claims to "soft" material that necessarily achieves this benefit. SSI faults the recommended construction of "resilient layer" for not including "the concept that the material is a non-rigid layer that will spring back to its original shape." (D.I. 151 at 7) However, as the Report correctly explains, the '180 Patent does not require that the resilient layer must be "non-rigid" and must "spring back." (Report at 12-13 & n.3) Nor does SSI cite any language limiting the claims to such embodiments.

5. Given the detailed reasoning provided in the Report, it is unnecessary to address SSI's Objections further.

June 22, 2022  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES CIRCUIT JUDGE